UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATACHA NOBILE,

                Plaintiff,

-against-

QUEEN LATICIA OF SPAIN; KING OF SPAIN,

                Defendants.

1:23-CV-9081 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Natacha Nobile, who appears *pro se*, filed this action invoking the court's federal question jurisdiction. She sues (1) "Queen Laticia of Spain"; and (2) the "King of Spain." Plaintiff states the following with respect to the federal constitutional or statutory bases for her claims:

> I want to sue for monarchy abuses, crimes harassments [b]ecause my mother is Cuban American, I've felt Queen Laticia has harassed me; they made death threats against me and I have rights to get and sue for my [i]nheritance from Spain-Cuban heritage she made [d]eath threats [first] and foremost to sue [d]eath threats, plus Cuban-American [i]nheritance, plus, they are not in G7, Spain is out of G7. [*sic*]

(ECF 1, at 2.) Plaintiff seeks the following relief: "$10 [b]illion [d]ollars because I have Cuban heritage. Negotiable plus. All [h]eritage and [e]verything plus more maximum infinite, [e]ternally in perpetuity[.] Also, plus I am suing for my [i]nnocent [b]rother Anthony Nobile who has been affected and [f]amily." [*sic*] (*Id.* at 8.)[1]

      On October 18, 2023, that Court granted Plaintiff *in forma pauperis* ("IFP") status. For the reasons set forth below, the Court dismisses this action.

---

[1] On November 15, 2023, Plaintiff filed a letter making similar allegations. (ECF 4.) The Court construes that letter as a supplement to the complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**BACKGROUND**

Plaintiff alleges that the events that are the bases for her claims occurred on the "internet," on "many dates – years." (ECF 1, at 5.) She also alleges that:

> Queen Laticia is a heathen, pagan spiritist, that has been doing harm to me, via taking shares of every Spanish multilingual speaking Latin or Cuba [b]eing I am not subject to giving shares to Queen Leticia or King of Spain [because] they see multilingual, the have violated for years, plus they are not in the G7. They are not amongst private or public communications, I have rights against them for every "share" they stole. Everyday! and Night!
>
> Monarchy abuses and crimes, they are "set up camp" they have cursed they have . . . terrorism, they [l]ive in Spain, they have to [r]espect the USA [f]reedom to not give shares to monarchs who abuse the rights of anybody. [*sic*]

(*Id.* at 5-6.)

Plaintiff asserts the following as to her injuries: "I live in Queens[,] [New York]. I am Queen Natacha they said they are Queen of Spain, I said you can't do harm they have done treason, [perjury], curses, they owe me for Spanish inheritance." [*sic*] (*Id.* at 6.)

2

## DISCUSSION

A. **Plaintiff's claims on behalf of others**

To the extent that Plaintiff asserts claims on behalf of her brother or anyone else, the Court must dismiss those claims. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another person. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Plaintiff does not allege that she is an attorney. Thus, any claims that she asserts on behalf of her brother or anyone else are dismissed without prejudice.

B. **Plaintiff's claims brought on her own behalf**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating a claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal

3

quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

To the extent that the Court can understand Plaintiff's complaint, Plaintiff's claims brought on her own behalf are premised on her beliefs that the King and Queen of Spain, King Felipe VI and Queen Letizia, have been making death threats to her, have been committing crimes, and have been "taking shares" of an "inheritance" that Plaintiff believes that she is owed by virtue of her Cuban and/or Spanish heritage. However, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802, 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report & recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions that King Felipe VI and/or Queen Letizia have been making death threats to her, have been committing crimes, or have been "taking shares" of an "inheritance" that is owed to her. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief).

The Court finds that Plaintiff does not provide any plausible factual support for her own claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with allegations that she believes to be true but that are implausible. She has pleaded no factual predicate in support of her assertions; therefore, her allegations amount to conclusory claims and suspicions, and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion

centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, Nos. 17-CV-2652, 17-CV-5458, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible" (footnote omitted)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the claims that she raises on her own behalf as frivolous. *See* § 1915(e)(2)(B)(i).

**C.     Warning**

In another of Plaintiff's *pro se* actions, this Court warned Plaintiff that, in light of her frivolous litigation history in this court, "if she abuses the privilege of proceeding IFP, she will be ordered to show cause why she should not be barred, under 28 U.S.C. § 1651, from filing new [civil] actions IFP in this [c]ourt without prior permission." *Nobile v. Trump*, ECF 1:23-CV-6642, 8, at 5 (S.D.N.Y. Oct. 12, 2023) (notice of appeal filed Oct. 23, 2023). That order, although issued on October 12, 2023, was entered by the Clerk of Court the next day, and mailed to Plaintiff on October 18, 2023.

By filing the present action IFP, Plaintiff has abused that privilege. Because Plaintiff filed the present action on October 13, 2023, which was five days before the Clerk of Court mailed the October 12, 2023 warning to her, however, the Court will only reiterate its previous warning to

Plaintiff in this order, and will not order her to show cause why the Court should not bar her from filing any future civil action in this court IFP without leave of the court.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims that she asserts on behalf of her brother or anyone else without prejudice. The Court dismisses Plaintiff's claims that she asserts on her own behalf as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court also reiterates its previous warning in *Nobile*, ECF 1:23-CV-6642, 8, at 5.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action.

SO ORDERED.

Dated:   November 27, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                              Chief United States District Judge